SCHWEGMAN *v.* RICHARDS.

Opinion delivered December 14, 1931.

970

*Scott & Goodier,* for appellant.

*Wilson & Wilson,* for appellee.

KIRBY, J., (after stating the facts). The testimony is virtually undisputed that Boyce and his wife were both old and infirm, that they invited appellees to come to their home, live with and take care of them the remainder of their lives, agreeing to leave them their property at their death, in consideration of the service, and that the agreement was performed by appellees. It has been frequently held that, upon the showing of the performance of such an agreement, the persons performing it are entitled to a specific performance of same against the heirs of the decedents. *Hinkle* v. *Hinkle,* 55 Ark. 583, 18 S. W. 1049; *Naylor* v. *Shelton,* 102 Ark. 30, 143 S. W. 117, Ann. Cas. 1914A, 394; *Fred* v. *Asbury,* 105 Ark. 494, 152 S. W. 155; *Williams* v. *Williams,* 128 Ark. 1, 193 S. W. 82; *Speck* v. *Dodson,* 178 Ark. 549, 11 S. W. (2d) 456.

There is no merit in the contention that the decree is contrary to the weight of the evidence, which is, as already said, virtually undisputed. Appellees moved

from their home upon the written request and invitation of the Boyces, Taylor Boyce having legally adopted Nettie Richards in her infancy, under the agreement that they should have what property the Boyces owned at their death, and, pursuant to the contract and agreement, lived with, took care of and help support them throughout the remainder of their lives. The decree is not only not contrary to the weight of the testimony, but meets the requirement of the rule, being clear, convincing and satisfactory.

We find no error in the record, and the decree is affirmed.